

**ORDERED in the Southern District of Florida on May 4, 2026.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:                                                    Case No. 25-24792-RAM

RICHARD FIGUEROA,                          Chapter 13

     Debtor.

_____/

### ORDER DENYING CREDITOR'S MOTION FOR RELIEF FROM STAY

The Court conducted a hearing on April 21, 2026 on Village Carver Phase II, LLC's Motion for Relief from the Automatic Stay [DE# 41] (the "Motion"). For the reasons stated on the record and summarized below, the Motion will be denied.

*Background*

Richard Figueroa (the "Debtor") resides in a residential apartment building located at 485 NW 71st Street, Miami, Florida 33150 (the "Property") that is owned by Village Carver Phase II, LLC (the "Landlord"). The Property is affordable rental housing

1

developed for low-income tenants and funded through the federal Low-Income Housing Tax Credit program (LIHTC).

In October 2025, the Debtor fell behind in his rent, and the Landlord filed an eviction for non-payment of rent in that certain litigation styled *Village Carver Phase II LLC v. Figueroa*, Case No. 2025-167831-CC-20, pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  After the Debtor failed to deposit past due rent into the county court registry, the Landlord moved for default under Fla. Stat. § 83.60(2).  On December 8, 2025, the Landlord obtained a default final judgment for possession against the Debtor, a copy of which is attached as Exhibit C to the Motion (the "Judgment").  While still in possession of the apartment and before the deadline to file a motion for rehearing or the deadline to file a notice of appeal, the Debtor filed his chapter 13 petition commencing the above-captioned case.  The clerk had not yet issued the writ of possession when the Debtor filed his bankruptcy petition.  The Debtor is curing his rental arrears in his confirmed chapter 13 plan [DE#'s 35 and 52].

The Landlord's Motion seeks relief to enforce the Judgment, which was based on the Debtor's non-payment of rent.  The Landlord argued that the Debtor's current lease ended on March 31, 2026 and that the Debtor cannot assume a lease after an eviction judgment.  The Debtor's Third Amended Chapter 13 Plan [DE# 35] cures the rent arrears over a period of 24 months, assumes the lease, and includes regular ongoing rent payments.

*Discussion*

In a chapter 13 case, a debtor may assume an unexpired lease of residential real property in the plan. 11 U.S.C. § 1322(b)(7).  As long as the writ of possession has not

2

been executed, a residential lease remains unexpired for purposes of section 365 and the tenant can assume the lease after an eviction judgment. *Ross v. Metropolitan Dade County*, 142 B.R. 1013 (S.D. Fla. 1992), *aff'd* 987 F.2d 774 (11th Cir. 1993).  Therefore, the Debtor may cure his default in rent payments despite entry of the Judgment.

Under the LIHTC statute, 26 U.S.C. § 42(h)(6)(E)(ii)(I), and the extended use agreement between the Landlord and Florida Housing Finance Corporation, the Landlord must have good cause to evict the Debtor, terminate his tenancy, or non-renew his lease. *See Carter v. Md. Mgmt. Co.*, 835 A.2d 158, 162-65 (Md. 2003).  The Landlord argues that the Debtor's prior non-payment of rent, lease expiration, and entry of the Judgment are sufficient good cause to terminate the Debtor's tenancy and to not renew the lease. However, the Court finds that non-payment of rent is not good cause to evict the Debtor from LIHTC housing nor good cause to not renew the lease when the Debtor is addressing the non-payment of rent through his confirmed chapter 13 plan.  Therefore, the Landlord is not entitled to stay relief and, for these reasons and the reasons stated on the record at the April 21st hearing, the Court **ORDERS** that the Motion is denied.

*###*

Submitted by (with edits by the Court):
Jeffrey M. Hearne, Esq.
Legal Services of Greater Miami, Inc.
4343 W. Flagler St., Ste. 100
Miami, FL 33134
Phone/Fax: 305-438-2403
Email: jhearne@legalservicesmiami.org

Copies to:
Neisi Garcia Ramirez, Esq.
Chapter 13 Trustee

*Attorney Hearne is directed to serve a copy of this Order upon all parties in interest and file a certificate of service.*